**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**DISNEY ENTERPRISES, INC.,** *a Delaware Corporation,* **and TWENTIETH CENTURY FOX FILM CORPORATION,** *a Delaware Corporation*

                      **Plaintiffs,**

                      **vs.**                    **6:05-CV-1489**
                                                **(NAM/DEP)**

**JAMES MERCHANT,**

                      **Defendant.**

---

**APPEARANCES:**                                  **OF COUNSEL:**

Loeb, Loeb Law Firm                    Alexandra N. DeNeve, Esq.
345 Park Avenue
New York, NY 10154-0037
and
Kernan, Kernan Law Firm                Kevin G. Martin, Esq.
258 Genesee Street
Suite 600
Utica, NY 13502
*Attorneys For Plaintiff*

**Norman A. Mordue, Chief U.S. District Judge**

### MEMORANDUM DECISION AND REFERRAL ORDER

      Presently before the Court is plaintiffs' motion for an order granting default judgment against defendant James Merchant on the first and only cause of action in the Complaint, infringement of copyrights in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*, an award of statutory damages pursuant to 17 U.S.C. § 504(c), an award of attorney fees and costs pursuant to 17 U.S.C. § 505, and permanent injunction relief.

      According to plaintiff' pleading and submissions, plaintiffs are the copyright owners or licensees of exclusive rights under the Copyright Act with respect to the following

motion pictures, including, but not limited to: "*Fever Pitch*"; and "*The Incredibles*"; (collectively, the "Copyrighted Motion Pictures"). Complaint, Exhibit A.  Plaintiffs possess the exclusive rights, under the Copyright Act, to reproduce and distribute these Motion Pictures to the public. Plaintiffs have placed proper notices advising the viewer of the copyright pursuant to 17 U.S.C. § 40 on each of the Copyrighted Motion Pictures that the motion pictures are protected by the copyright laws.

Plaintiffs' allege in the complaint that defendant, without their permission or consent, has used and continues to use an online media distribution system to distribute to the public, including by making available for distribution to others, on or about May 16, 2005, the Copyrighted Motion Pictures.  Plaintiffs aver that defendant's willful and intentional acts of infringement have violated plaintiffs' exclusive rights of reproduction and distribution and infringed plaintiffs' copyrights in violation of the Copyright Act.  As a result, plaintiffs seek statutory damages in the amount of $3,000 per motion picture, an award of attorney fees and costs in the amount of $1,908.83, and permanent injunctive relief.

**Discussion**

Under Rule 55(b) of the Federal Rules of Civil Procedure, default judgment shall be entered if a defendant has failed to plead or otherwise defend an action." *Parise v. Riccelli Haulers, Inc.*, 672 F.Supp. 72, 74 (N.D.N.Y. 1987).  Rule 55(b)(2) and Local Rule 55.2 set forth the procedural prerequisites plaintiffs must meet before their motion for default judgment may be granted.  Plaintiffs must: (1) properly serve defendant with a summons and complaint (to which no response has been made); (2) obtain an entry of default; and (3) provide an affidavit setting forth the facts required by L.R. 55.2(a), including an affidavit showing that defendant is not an infant or incompetent, or in the military service.  *See* Fed. R. Civ. P. 55(b)(2); N.Y.N.D.L.R. 55.1

and 55.2.

Plaintiffs filed the complaint on November 30, 2005, and served defendant on December 17, 2005. Defendant has not answered or otherwise appeared in this action. On June 30, 2006, plaintiffs requested and obtained a Clerk's Entry of Default. Plaintiffs have submitted an affidavit by their counsel asserting that there is no reason to believe that defendant is in the military service or that the defendant is an infant or incompetent. Therefore, because plaintiffs have fulfilled the procedural prerequisites for default judgment and defendant has not opposed the present motion, the Court will address liability.

*Liability*

"A party's default is deemed to constitute a concession of all well-pleaded allegations of liability." *Resolution Trust Corp. v. Forney*, 1993 WL 261415, at '1 (W.D.N.Y. June 28, 1993) (citing *Greyhound Exhibitgroup v. E.L.U.L. Realty*, 973 F.2d 155, 158 (2d Cir. 1992)). The allegations in plaintiffs' complaint are therefore presumed accurate. To establish copyright infringement, a plaintiff must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Pub'ls, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (citation omitted); *see Rogers v. Koons*, 960 F.2d 301, 306 (2d Cir.) ("To establish an infringement of a copyright, a plaintiff must show both ownership of a copyright and that defendant copied the protected material without authorization.") (citations omitted), *cert. denied*, 506 U.S. 934 (1992).

According to the complaint, each of the two Copyrighted Motion Pictures at issue in this case are subject to a valid Certificate of Copyright Registration issued by the Register of Copyrights and are owned by or licensed to one or more of the plaintiffs. The complaint further alleges that defendant, without plaintiffs' permission or consent, has used and continues to use an

3

online media distribution system to download, distribute, and/or to make available for distribution to others the Copyrighted Motion Pictures at issue in this case.  Therefore, defendant's conduct, as alleged violates the Copyright Act.  Accordingly, plaintiffs are entitled to default judgment pursuant to Fed. R. Civ. P. 55.

*Damages*

As previously stated, plaintiffs also seek an award of damages, attorney fees, costs, and an entry of a permanent injunction.  "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."  *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).  The Court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  *Id*.  Accordingly, this matter is hereby referred to the Honorable David E. Peebles: for the purpose of conducting a hearing pursuant to Rule 55 of the Federal Rules of Civil Procedure to take an account or to determine the amount of plaintiffs' damages;  to prepare and forward to the undersigned a Report and Recommendation regarding the type and amount of such damages upon which he determines plaintiffs are entitled to have judgment entered; and to make proposed findings of fact and conclusions of law regarding plaintiffs' request for entry of a permanent injunction.

**Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that in view of default by defendant James Merchant in failing to answer the Complaint or make any appearance in this matter and the Clerk of the Court having entered default by defendant on June 30, 2006, and no appearance or objection having been made by defendant since that time, plaintiffs' motion for default judgment against defendant is

4

**GRANTED**; and it is further

**ORDERED** that this matter is referred to the Honorable David E. Peebles for the purpose of conducting a hearing pursuant to Rule 55 of the Federal Rules of Civil Procedure to take an account or to determine the amount of plaintiffs ' damages; and it is further

**ORDERED** that Magistrate Judge Peebles prepare and forward to the undersigned a Report and Recommendation regarding the type and amount of such damages upon which he determines plaintiffs are entitled to have judgment entered as well as proposed findings of fact and conclusions of law regarding plaintiffs' request for entry of a permanent injunction.

**IT IS SO ORDERED.**

Dated: February 13, 2007
    Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge